1
2
3
4
5                  UNITED STATES DISTRICT COURT
6                  EASTERN DISTRICT OF WASHINGTON
7   YESENIA K.,
8                            Plaintiff,              NO. 1:21-CV-3039-TOR
9        v.                                          ORDER GRANTING DEFENDANT'S
                                                     MOTION FOR SUMMARY
10  COMMISSIONER OF SOCIAL                           JUDGMENT
    SECURITY,
11
                             Defendant.
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14  judgment (ECF Nos. 15, 23).  Plaintiff is represented by D. James Tree.  Defendant

15  is represented by Martha A. Boden.  This matter was submitted for consideration

16  without oral argument.  The Court has reviewed the administrative record and the

17  parties' briefing, and is fully informed.  For the reasons discussed below, the Court

18  **denies** Plaintiff's motion and **grants** Defendant's motion.

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

**JURISDICTION**

2      The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

3   1383(c)(3).

4                              **STANDARD OF REVIEW**

5      A district court's review of a final decision of the Commissioner of Social

6   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7   limited: the Commissioner's decision will be disturbed "only if it is not supported

8   by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9   1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

10  relevant evidence that "a reasonable mind might accept as adequate to support a

11  conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently,

12  substantial evidence equates to "more than a mere scintilla[,] but less than a

13  preponderance."  *Id.* (quotation and citation omitted).  In determining whether this

14  standard has been satisfied, a reviewing court must consider the entire record as a

15  whole rather than searching for supporting evidence in isolation.  *Id.*

16     In reviewing a denial of benefits, a district court may not substitute its

17  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

18  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

19  rational interpretation, [the court] must uphold the ALJ's findings if they are

20  supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

several impairments recognized by the Commissioner to be so severe as to

preclude a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R. §

3    416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

4         At step four, the Commissioner considers whether, in view of the claimant's

5    RFC, the claimant is capable of performing work that he or she has performed in

6    the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

7    capable of performing past relevant work, the Commissioner must find that the

8    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

9    performing such work, the analysis proceeds to step five.

10         At step five, the Commissioner considers whether, in view of the claimant's

11    RFC, the claimant is capable of performing other work in the national economy.

12    20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

13    must also consider vocational factors such as the claimant's age, education and

14    work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

15    Commissioner must find that the claimant is not disabled.  20 C.F.R. §

16    416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

17    analysis concludes with a finding that the claimant is disabled and is therefore

18    entitled to benefits.  *Id.*

19         The claimant bears the burden of proof at steps one through four above.

20    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On March 4, 2017, Plaintiff filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of January 1, 2010. Tr. 169-77. The application was denied initially, Tr. 106-14, and on reconsideration, Tr. 118-24. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on October 4, 2018. Tr. 38-67. On November 28, 2018, the ALJ denied Plaintiff's claim. Tr. 12-31.

On May 13, 2020, this Court reversed and remanded the Commissioner's decision. Tr. 943-977. On October 29, 2020, Plaintiff appeared at a telephonic hearing on remand before the same ALJ. Tr. 858-890. On November 27, 2020, the ALJ again denied Plaintiff's claim. Tr. 830-853.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 4, 2017, the alleged onset date. Tr. 836. At step two, the ALJ found Plaintiff had the following severe impairments: polysubstance use disorder, PTSD with anxiety, personality disorder, major depressive disorder with psychosis, and a mild intellectual disability. *Id.* At

step three, the ALJ found that by including Plaintiff's substance use, the severity of

Plaintiff's impairments met the criteria of sections 12.04, 12.08, and 12.15 of 20

C.F.R. 404, Subpart, P, Appendix 1.  Tr. 837.

    If Plaintiff stopped the substance use, the ALJ found Plaintiff would not

have an impairment or combination of impairments that meets or medically equals

the severity of a listed impairment.  Tr. 839.  The ALJ then found if Plaintiff

stopped the substance use, Plaintiff had the RFC to perform a full range of work at

all exertional levels but with the following nonexertional limitations:

> She would be able to understand and remember one to three step instructions
> and standard work-like procedures and regular work locations.  She would
> have sufficient concentration, persistence, or pace to complete simple,
> routine tasks in two-hour increments for a normal workday and workweek
> with normal breaks.  She would be able to work at a regular but not fast
> production pace.  She would be able to have occasional, brief, superficial
> interactions with coworkers and the general public.  She would not be able
> to work as part of a team.  She would be able to accept supervision and adapt
> to normal, routine changes in the workplace.

Tr. 840.

    At step four, the ALJ found Plaintiff would not be capable of performing

any past relevant work if abstinent from substances.  Tr. 845.  At step five, the ALJ

found that, considering Plaintiff's age, education, work experience, and RFC, there

were other jobs that exist in significant numbers in the national economy that

Plaintiff could perform if Plaintiff stopped substance use, such as laundry laborer,

industrial sweeper/cleaner, and cleaner, commercial or institutional.  Tr. 845.  The

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ALJ found Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if she stopped substance use. Tr. 846. The ALJ concluded that because substance use disorder is a contributing factor material to the determination of disability, Plaintiff has not been disabled within the meaning of the Social Security Act, from March 4, 2017, through December 2, 2020, the date of the ALJ's decision. *Id.*

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed Plaintiff's symptom testimony;

2. Whether the ALJ properly weighed the medical opinion evidence; and

3. Whether the ALJ properly found Plaintiff's substance use was material to her disability.

ECF No. 15 at 2.

## DISCUSSION

### A.  Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit her symptom testimony. ECF No. 15 at 6-10.

1    An ALJ engages in a two-step analysis to determine whether to discount a

2    claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL

3    1119029, at *2.  "First, the ALJ must determine whether there is 'objective

4    medical evidence of an underlying impairment which could reasonably be

5    expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at

6    1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The

7    claimant is not required to show that [the claimant's] impairment 'could reasonably

8    be expected to cause the severity of the symptom [the claimant] has alleged; [the

9    claimant] need only show that it could reasonably have caused some degree of the

10   symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d

11   1028, 1035-36 (9th Cir. 2007)).

12    Second, "[i]f the claimant meets the first test and there is no evidence of

13   malingering, the ALJ can only reject the claimant's testimony about the severity of

14   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

15   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

16   omitted).  General findings are insufficient; rather, the ALJ must identify what

17   symptom claims are being discounted and what evidence undermines these claims.

18   *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

19   *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

20   explain why he or she discounted claimant's symptom claims).  "The clear and

1    convincing standard is the most demanding required in Social Security cases."

2    *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r*

3    *of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

4         Factors to be considered in evaluating the intensity, persistence, and limiting

5    effects of a claimant's symptoms include: (1) daily activities; (2) the location,

6    duration, frequency, and intensity of pain or other symptoms; (3) factors that

7    precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and

8    side effects of any medication an individual takes or has taken to alleviate pain or

9    other symptoms; (5) treatment, other than medication, an individual receives or has

10   received for relief of pain or other symptoms; (6) any measures other than

11   treatment an individual uses or has used to relieve pain or other symptoms; and (7)

12   any other factors concerning an individual's functional limitations and restrictions

13   due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7-*8; 20

14   C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an

15   individual's record," "to determine how symptoms limit ability to perform work-

16   related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

17        The ALJ found Plaintiff's impairments could reasonably be expected to

18   cause the alleged symptoms when Plaintiff's substance use is taken into account.

19   Tr. 837.  While the ALJ found Plaintiff's symptom testimony consistent with her

20

1  functioning when using substances, the ALJ found the testimony conflicted

2  significantly with Plaintiff's functioning during her period of sobriety.  Tr. 842.

3      *1.  Conflicts with the Record During Sobriety*

4      Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

5  conflicted with the record during her period of sobriety.  ECF No. 15 at 7.

6      An ALJ may not discredit a claimant's symptom testimony and deny

7  benefits solely because the degree of the symptoms alleged is not supported by

8  objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

9  2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991).  However, the

10  objective medical evidence is a relevant factor, along with the medical source's

11  information about the claimant's pain or other symptoms, in determining the

12  severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at

13  857; 20 C.F.R. § 416.929(c)(2).  Mental status examinations are objective

14  measures of an individual's mental health.  *Buck v. Berryhill*, 869 F.3d 1040, 1049

15  (9th Cir. 2017).

16      First, the ALJ found that while Plaintiff felt she could not work where she

17  had a hard time getting along with authority, Plaintiff also admitted that she had

18  not had problems with angry behavior towards coworkers or supervisors.  Tr. 841-

19  42.  Plaintiff also said she had difficulty with anger, was not good with

20  confrontation, and if someone tried to "start something" with her she became

1    hostile or aggressive.  Tr. 842.  However, the ALJ noted that while she maintained

2    her sobriety, Plaintiff denied rage or anger towards others and her irritability

3    markedly improved to no longer be a significant problem while sober and on

4    medication.  Tr. 839 (citing Tr. 478-79, 488, 499); *see also* Tr. 841 (citing Tr. 385

5    (March 2017: Significant decrease in irritability on Abilify six months into sobriety

6    and no longer "teetering on the edge of becoming physically (aggressive)"); Tr.

7    488 (April 2017: Plaintiff's anger, irritability, and racing thoughts all markedly

8    improved on Abilify and irritability noted to no longer be a significant problem);

9    Tr. 478-79 (March 2017: Plaintiff denied rage or anger towards others); Tr. 586

10    (October 2017: Plaintiff reported mood well controlled and denied anger and

11    rage)).  In any event, the ALJ accounted for Plaintiff's difficulty with others

12    difficulty by limiting her RFC to brief superficial interactions with the public and

13    coworkers and restricting her from jobs involving teamwork.  No error has been

14    shown.

15        Second, Plaintiff said she had high anxiety and felt nervous around a lot of

16    people.  Tr. 842.  The ALJ noted that during Plaintiff's period of sobriety, she was

17    reading for others in her recovery group which she attended six times per week.

18    Tr. 840 (citing Tr. 396-97).  In any event, the ALJ accounted for Plaintiff's

19    difficulty with anxiety and nervousness around others by limiting her RFC to brief

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1   superficial interactions with the public and coworkers and restricting her from jobs

2   involving teamwork.  Tr. 839.  No error has been shown.

3         Third, Plaintiff said she was not good with math, had a comprehension

4   problem, and felt she could not work at a desk counting numbers.  Tr. 842.  During

5   her period of sobriety, the ALJ noted that Plaintiff's memory was adequate to

6   good, Plaintiff did not show any difficulty understanding what was said to her, nor

7   did Plaintiff have difficulty following instructions.  Tr. 839 (citing Tr. 338, 386,

8   455, 480, 489, 501).  The ALJ accounted for any comprehension issues (and did

9   not find Plaintiff needed to be good at math nor sit at a desk counting numbers) by

10  limiting Plaintiff to perform simple, routine tasks performed in two-hour

11  increments.  Tr. 839.  No error has been shown.

12        Fifth, Plaintiff experienced night terrors and flashbacks.  Tr. 842.  During

13  her period of sobriety, the ALJ found that she discontinued medication due to

14  resolution of fatigue and sleep problems and she had no complaints of

15  hallucinations.  *Id.*; *see also* Tr. 841 (citing Tr. 577 (Plaintiff no longer had

16  problems with poor energy, fatigue, or daytime sleepiness)).

17        Plaintiff admits she exhibits "some improvement with sobriety" but cites to

18  evidence to where she exhibited symptoms of depression and anxiety to argue that

19  her that her symptoms while sober still seriously affected her ability to function in

20  the workplace.  ECF No. 15 at 7.  Where evidence is subject to more than one

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    rational interpretation, the ALJ's conclusion will be upheld.  *Burch v. Barnhart*,

2    400 F.3d 676, 679 (9th Cir. 2005).  The ALJ reasonably concluded that Plaintiff's

3    testimony conflicted with Plaintiff's functioning while sober.  Tr. 842.  This

4    finding is supported by substantial evidence.

5        2.  *Conservative Treatment*

6        Plaintiff challenges the ALJ's finding that plaintiff underwent conservative

7    mental health treatment while sober.  ECF No. 15 at 8-10.

8        The effectiveness of treatment is a relevant factor in determining the severity

9    of a claimant's symptoms.  20 C.F.R. § 416.929(c)(3); *Warre v. Comm'r of Soc.*

10   *Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions

11   effectively controlled with medication are not disabling for purposes of

12   determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040

13   (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a

14   claimant's complaints of debilitating pain or other severe limitations).  Evidence of

15   conservative treatment is also sufficient to discount a claimant's testimony

16   regarding the severity of the impairment.  *Parra v. Astrue*, 481 F.3d 742, 751 (9th

17   Cir. 2007).  The Ninth Circuit has recognized that the prescription of psychiatric

18   medication is not indicative of conservative treatment for mental health

19   impairments.  *See Drawn v. Berryhill*, 728 Fed. Appx. 637, 642 (9th Cir. 2018)

20

1   (unpublished decision holding the ALJ erred in finding conservative treatment

2   where claimant was "prescribed a number of psychiatric medications.").

3          The ALJ found Plaintiff's symptom testimony was less reliable because it

4   was inconsistent with evidence that showed Plaintiff's mental health symptoms

5   improved and she underwent conservative mental health treatment while she was

6   sober.  Tr. 842.  Plaintiff was prescribed multiple medications, including Abilify,

7   Wellbutrin, Prazosin, Latuda, and Prozac.  Tr. 841; ECF No. 15 at 9 (citing Tr.

8   578, 587)   However, the ALJ noted that Plaintiff voluntarily discontinued taking

9   Wellbutrin and Prazosin due to resolution of fatigue and sleep problems while she

10  was sober.  Tr. 842.  The ALJ also noted that Plaintiff was discharged from

11  substance use treatment during her period of sobriety, no provider recommended

12  inpatient treatment, and no provider placed her on a psychiatric hold.  Tr. 841-42.

13  Where evidence is subject to more than one rational interpretation, the ALJ's

14  conclusion will be upheld.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

15  The ALJ reasonably found Plaintiff underwent conservative mental health

16  treatment while she was sober where she stopped taking medication due to

17  improved or eliminated symptoms, was discharged from substance use treatment,

18  and was not placed in any inpatient treatment or psychiatric hold.  This finding is

19  supported by substantial evidence.

20

**B. Medical Opinion Evidence**

Plaintiff challenges the ALJ's evaluation of the medical opinion of Debbie Miller, LMFT, David Morgan, Ph.D., Lacey Villamar, DCR, and Rebecca Nelson, ARNP.  ECF No. 15 at 10-22.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician.  *Id.*  In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-831). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The opinion of an acceptable medical source such as a physician or psychologist is different from that of a non-acceptable medical source. 20 C.F.R. § 416.927(f)(1).[1] Therapists and nurses are not acceptable medical sources. 20 C.F.R. § 416.902(a). The ALJ is required to consider the opinions of non-acceptable medical sources. 20 C.F.R. § 416.927(c). The factors used to weigh the opinion of a non-acceptable medical source are the same as those used to weigh the opinion of an acceptable medical source, although not every factor will apply in every case. 20 C.F.R. § 416.927(c)(1)-(6), (f)(1). The ALJ is only required to

---

[1]    Because Plaintiff's application for benefits was filed on March 4, 2017, the regulations governing claims filed before March 27, 2017 apply to this case. 20 C.F.R. § 416.325.

1   provide germane reasons to reject the opinion of an "other source," including that

2   of a non-acceptable medical source.  *Popa*, 872 F.3d at 906 (citing *Molina*, 674

3   F.3d at 1111).

4       *1.  Debbie Miller, LMFT*

5       The ALJ gave Ms. Miller's opinion little weight.  Tr. 843.  Because Ms.

6   Miller is a non-acceptable medical source as a therapist, the ALJ was required to

7   provide germane reasons to discredit her opinion.  20 C.F.R. § 416.902(a); *Popa*,

8   872 F.3d at 906.

9       On February 1, 2018, Ms. Miller opined Plaintiff had moderate limitation in

10  her ability to remember locations and work-like procedures; moderate limitation in

11  her ability to understand and remember very short and simple instructions; marked

12  limitation in her ability to understand and remember detailed instructions; marked

13  limitation in her ability to carry out detailed instructions; moderate limitation in her

14  ability to maintain attention and concentration for extended periods; marked

15  limitation in her ability to perform activities within a schedule, maintain regular

16  attendance and be punctual within customary tolerances; moderate limitation in her

17  ability to work in coordination with or proximity to others without being distracted

18  by them; moderate limitation in her ability to make simple work-related decisions;

19  moderate limitation in her ability to complete a normal workday and workweek

20  without interruptions from psychologically based symptoms and to perform at a

1  consistent pace without an unreasonable number and length of rest periods; marked

2  limitation in her ability to accept instructions and respond appropriately to

3  criticism of supervisors; moderate limitation in her ability to get along with

4  coworkers or peers without distracting them or exhibiting behavioral extremes;

5  moderate limitation in her ability to respond appropriately to changes in the work

6  setting; moderate limitation in her ability to be aware of normal hazards and take

7  appropriate precautions; severe limitation in her ability to travel in unfamiliar

8  places or use public transportation; marked limitation in her ability to set realistic

9  goals or make plans independently of others; extreme limitation in her ability to

10  understand, remember, or apply information; moderate limitation in her ability to

11  interact with others, moderate limitation in her ability to concentrate, persist, or

12  maintain pace; that Plaintiff met the Paragraph C criteria; that Plaintiff was likely

13  to be off-task less than 12% of a full-time work schedule; and that Plaintiff would

14  likely miss one day of work per month.  Tr. 619-22.

15      First, the ALJ found Ms. Miller's opinion was not sufficiently supported or

16  explained.  Tr. 843.  Failure to provide support or explanation is a germane reason

17  to discredit the opinion of a nonacceptable medical source.  *Molina*, 674 F.3d at

18  1111-12.  Additionally, "[w]hile an opinion cannot be rejected merely for being

19  expressed as answers to a check-the-box questionnaire, … the ALJ may

20  permissibly reject check-off reports that do not contain any explanation of the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (internal citations and quotations omitted). Plaintiff asserts the ALJ erred in discounting Ms. Miller's unexplained opinion because Ms. Miller regularly saw Plaintiff for appointments throughout 2017 and early 2018. ECF No. 15 at 11-12. The Ninth Circuit has found that it is an error for an ALJ to reject a check-box form of a doctor's opinion that was "based on significant experience with [claimant] and supported by numerous records, and [the opinion is] therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison v. Colvin* 759 F.3d 995, 1013 (9th Cir. 2014). Here, the ALJ noted that Ms. Miller did not provide any explanation for her opined limitations. Tr. 843; *see* Tr. 619-22. Unlike *Garrison*, Ms. Miller is not a treating physician and her check-box opinion is not supported by numerous records. While she had several appointments with Plaintiff, the treatment records do not specifically support the unexplained opinion. *See* Tr. 550, 558, 560, 563, 566, 568-69, 570, 572, 583-84, 592, 594, 596-99. The Court will not substitute its judgment for the ALJ where the record reasonably supports that Ms. Miller's opinion did not have a supporting explanation. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This is a germane reason to discredit Ms. Miller's opinion.

Second, the ALJ found Ms. Miller's opinion was inconsistent with Plaintiff's record of improvement with treatment. Tr. 843. Inconsistency with the

medical evidence is a germane reason for rejecting other source testimony.  *See Bayliss*, 427 F.3d at 1218; *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001).  As discussed *supra*, the ALJ noted that the record demonstrated Plaintiff showed improvement in her symptoms when she was sober and compliant with treatment.  Tr. 843; *see* Tr. 454 (May 18, 2017: Plaintiff's mood symptoms were well-controlled with medication); Tr. 590 (July 20, 2017: Plaintiff's mood disorder symptoms and nightmares resolved with medication); Tr. 627 (October 11, 2017: Ms. Miller reported Plaintiff was "making tremendous progress" after six months of counseling).  Plaintiff challenges the ALJ's finding by identifying other evidence in the record that shows Plaintiff continued to struggle with mental health symptoms.  ECF No. 15 at 14-16.  However, where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld.  *Burch*, 400 F.3d at 679.  The ALJ reasonably concluded that the evidence showed evidence of Plaintiff's improvement with treatment.  Tr. 843.  This is a germane reason to discredit Ms. Miller's opinion.

   *2.  David Morgan, Ph.D.*

   The ALJ gave little weight to Dr. Morgan's opinion from a consultative examination in April 2019.  Tr. 843.  Because Dr. Morgan's opinion was contradicted by Dr. Cohen, Tr. 870-879, the ALJ was required to provide specific

1    and legitimate reasons for rejecting Dr. Morgan's opinion. *Bayliss*, 427 F.3d at

2    1216.

3    Dr. Morgan opined that Plaintiff had many marked to severe limitations in

4    the ability to perform basic work activities, but that the limitations were not

5    primarily the result of a substance abuse disorder and that the limitations would

6    persist following 60 days of sobriety. Tr. 1209.

7    First, the ALJ noted that Dr. Morgan failed to explain these findings. *Id.* A

8    medical opinion may be rejected by the ALJ if it is conclusory or inadequately

9    supported. *Bray*, 554 F.3d at 1228; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th

10   Cir. 2002). However, if treatment notes are consistent with the opinion, a

11   conclusory opinion, such as a check-the-box form, may not automatically be

12   rejected. *See Garrison*, 759 F.3d at 1014 n.17; *Ford*, 950 F.3d at 1155. Plaintiff

13   asserts that Dr. Morgan was aware Plaintiff was sober from methamphetamines

14   and alcohol for approximately one month at the time of the exam, and that he

15   nonetheless placed the limitations on Plaintiff's ability to work. ECF No. 15 at 14

16   (citing Tr. 1194). However, as the ALJ pointed out, Dr. Morgan did not account

17   for Plaintiff's ongoing marijuana use. Tr. 843. This is a specific and legitimate

18   reason for assigning the opinion little weight.

19   Second, the ALJ found that this opinion conflicts with the treatment notes

20   from 2017 and conflicts with Dr. Cohen's opinion, both of which support finding

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

1    Plaintiff's mental health symptoms improved dramatically with abstinence from

2    substance use.  Tr. 843.  Relevant factors when evaluating a medical opinion

3    include the amount of relevant evidence that supports the opinion and the

4    consistency of the medical opinion with the record as a whole.  *Orn v. Astrue*, 495

5    F.3d 625, 631 (9th Cir. 2007).  Plaintiff asserts that the ALJ failed to identify

6    specifically how Plaintiff's treatment notes conflict with Dr. Morgan's opinion.

7    ECF No. 15 at 14.  The ALJ found that Dr. Morgan's opinion that Plaintiff's

8    impairments were not primarily the result of a substance use disorder conflicted

9    with the treatment notes that demonstrate her symptoms improved dramatically

10   with abstinence from substance abuse.  Tr. 842.  This is a specific and legitimate

11   reason for assigning the opinion little weight, which is supported by substantial

12   evidence.

13       *3.  Lacey Villamar, DCR*

14       The ALJ gave little weight to therapist Lacey Villamar's opinion from

15   January 2019.  Tr. 844.  Because Ms. Villamar is a non-acceptable medical source,

16   the ALJ was required to provide germane reasons to discredit her opinion.  *Popa*,

17   872 F.3d at 906.

18       Ms. Villamar found Plaintiff's PTSD diagnosis interferes with her ability to

19   concentrate, interest with people, ability to be alert, and struggles if overwhelmed.

20   Tr. 1203.  Ms. Villamar found Plaintiff's current medication may impact her ability

1    to function, based on her current presentation on her current medical regime but

2    deferred to medical providers as it was not in her scope of practice.  Tr. 1203-04.

3        First, the ALJ found Ms. Villamar did not discuss Plaintiff's substance use,

4    nor did she distinguish between Plaintiff's functioning when abstinent versus when

5    she was using.  Tr. 844.  The extent a medical source is familiar with information

6    in a claimant's record is a relevant factor for an ALJ to consider when applying

7    weight to an opinion.  20 C.F.R. § 416.927(6).  Plaintiff argues that Ms. Villamar's

8    "opinion speaks directly to the question of [Plaintiff's] functioning considering her

9    mental impairments alone."  ECF No. 15 at 17.  However, the is no evidence that

10    Ms. Villamar was aware of, or accounted for, Plaintiff's substance use.  This was a

11    germane reason to assign little weight to Ms. Villamar's opinion.

12        Second, the ALJ found Ms. Villamar's opinion equivocal where she opines

13    Plaintiff's current medication may impact her ability to function.  Tr. 844.  Plaintiff

14    asserts "Ms. Villamar's equivocation on matters outside the scope of her expertise

15    is not a valid reason to reject her entire opinion."  ECF No. 15 at 17.  The fact that

16    Plaintiff's medications "may" impact her ability to function is an equivocal

17    statement.  This is a germane reason to give little weight to Ms. Villamar's

18    opinion.  Even if it were error, any error is harmless because the ALJ provided

19    another valid, germane reason to assign the opinion little weight.  *Molina*, 674 F.3d

20    at 1115.

1      *4.   Rebecca Nelson, ARNP*

2          The ALJ gave little weight to ARNP Rebecca Nelson's opinion from

3      January 2019.  Tr. 843.  Because Ms. Nelson is a non-acceptable medical source,

4      the ALJ was required to provide germane reasons to discredit her opinion.  *Popa*,

5      872 F.3d at 906.

6          Ms. Nelson filled out a WorkFirst form, finding Plaintiff has "limited social

7      ability, focus, understand, & follow instructions."  Tr. 1198.

8          First, the ALJ found that the opinion is largely based on Plaintiff's self-

9      reports and without testing or confirmation from Ms. Nelson.  Tr. 843-844.  An

10     opinion may be rejected or given less weight if it is based on Plaintiff's properly

11     discounted subjective complaints.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th

12     Cir. 2001).  As discussed *supra*, the ALJ found Plaintiff's subjective complaints

13     consistent with her substance use but were not consistent with her functioning

14     during her period of sobriety.  This is a germane reason for giving the opinion little

15     weight.

16         Second, the ALJ found the opinion supported by little explanation, and was

17     provided primarily through a check-box form. Tr. 844.  Failure to provide support

18     or explanation is a germane reason to discredit opinion of a nonacceptable medical

19     source.  *Molina*, 674 F.3d at 1111-12.  Ms. Nelson's form provides no explanation

20     for her findings.  This is a germane reason to discredit Ms. Nelson's opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

Third, the ALJ noted that Ms. Nelson did not discuss Plaintiff's history of

substance abuse.  Tr. 844.  The extent a medical source is familiar with information

in a claimant's record is a relevant factor for an ALJ to consider when applying

weight to an opinion.  20 C.F.R. § 416.927(6).  This is another germane reason to

assign little weight to the opinion.

In sum, the ALJ did not harmfully err in assigning little weight to each of the

aforementioned medical opinions.

## C.  Drug and Alcohol Abuse

Plaintiff contends the ALJ erred in finding Plaintiff's substance use was

material to a finding of disability at step three.  ECF No. 15 at 19-20.

A claimant may not receive benefits where Drug and Alcohol Abuse

("DAA") is a material contributing factor to disability.  20 C.F.R. § 416.935(b); 42

U.S.C. § 423(d)(2)(c).  Thus, the ALJ must evaluate which of the claimant's

current limitations would remain if the claimant stopped using drugs and/or alcohol

and determine whether any or all of the remaining limitations would result in a

qualifying disability eligible for benefits.  20 C.F.R. § 416.935(b)(2).  Plaintiff

carries the burden of demonstrating that DAA is not material to a finding of

disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

For cases involving co-occurring mental disorders, like here, SSR 13-2p(7)

states:

a. Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that a given claimant's co-occurring mental disorder would improve, or to the extent to which it would improve, if the claimant were to stop using drugs or alcohol.

b. To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.

SSR 13-2p, 2013 WL 621536, at *9. The ALJ must consider periods of abstinence that are "long enough to allow the acute effects of drug and alcohol use to abate…. To find that DAA is material, we must have evidence in the case record demonstrating that any remaining limitations were not disabling during the period." SSR 13-2p at *12.

The ALJ determined Plaintiff's impairments, including substance use, met Listings 12.04, 12.08, and 12.15. Tr. 837. However, the ALJ found that if Plaintiff stopped the substance use, she would not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. Tr. 839. The ALJ concluded Plaintiff's substance use was material to finding Plaintiff disabled. *Id.*

Plaintiff relies on the opinions of Ms. Miller and Dr. Morgan to establish that her mental impairments would continue to be disabling even absent drug and

1    alcohol use.  ECF No. 15 at 20.  As discussed *supra*, the ALJ reasonably assigned

2    little weight to the opinions of Ms. Miller and Dr. Morgan.

3         The ALJ cited extensive, chronological evidence that Plaintiff's symptoms

4    substantially improved during Plaintiff's period of sobriety.  Tr. 840-41.  *See, e.g.*,

5    Tr. 397 (February 2017: Plaintiff looked good, was dressed nicely, and was reading

6    for others); Tr. 385 (March 2017: Plaintiff's irritability was significantly

7    decreased); Tr. 380, 460-535 (April 2017: Plaintiff doing better sober, denied

8    nightmares, felt less angry, denied feeling depressed or hopeless); Tr. 586 (July

9    2017: Plaintiff denied anger, rage, sustained depression, or suicidal ideation); Tr.

10   577 (October 2017: Plaintiff denied sustained depressed mood and hopelessness).

11   Plaintiff asserts there were instances where she displayed depressed mood, had one

12   suicide attempt, and she displayed pervasive pattern of instability in her

13   interpersonal relationships.  ECF No. 15 at 20.  However, this restates Plaintiff's

14   argument that the ALJ improperly weighed the evidence.  Where evidence is

15   subject to more than one rational interpretation, the ALJ's conclusion will be

16   upheld.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

17        Plaintiff has failed to carry her burden that Plaintiff's polysubstance use was

18   not material to the ALJ's finding of disability.  *Parra*, 481 F.3d at 748.  The ALJ's

19   finding that Plaintiff's polysubstance use is a material contributing factor to her

20

disability is supported by substantial evidence. Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 23) is **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

DATED February 8, 2022.



THOMAS O. RICE
United States District Judge