1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   YESENIA K.,

8                        Plaintiff,            NO. 1:21-CV-3039-TOR

9        v.                                    ORDER DENYING PLAINTIFF'S
                                               MOTION TO ALTER JUDGMENT
10   COMMISSIONER OF SOCIAL
     SECURITY,
11
                         Defendant.
12

13       BEFORE THE COURT is Plaintiff's Motion to Alter Judgment (ECF No.

14   27). This matter was submitted for consideration without oral argument. The

15   Court has reviewed the record and files herein, and is fully informed. For the

16   reasons discussed below, Plaintiff's Motion to Alter Judgment (ECF No. 27) is

17   denied.

18                          **BACKGROUND**

19       On March 4, 2017, Plaintiff filed a Title XVI application for Supplemental

20   Security Income. ECF No. Tr. 169-77. Following this Court's remand, Defendant

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 1

1    again denied Plaintiff's application.  Tr. 830-853.  Having carefully reviewed the

2    administrative record, this Court concluded, based upon the record as a whole, that

3    the ALJ's decision denying disability benefits to Plaintiff was supported by

4    substantial evidence.  *See* ECF No. 25.  Plaintiff then filed the present motion to

5    alter the judgment based on the argument that the Court failed to consider Dr.

6    Morgan's 2020 opinion.  *See* ECF No. 27.

7                                    **DISCUSSION**

8           "A district court has considerable discretion when considering a motion to

9    amend a judgment under Rule 59(e)."  *Turner v. Burlington N. Santa Fe. R. Co.*,

10   338 F.3d 1058, 1063 (9th Cir. 2003) (citing *McDowell v. Calderon*, 197 F.3d 1253,

11   1255 n.1 (9th Cir. 1999)).  Absent highly unusual circumstances, relief under Rule

12   59(e) is only appropriate where (1) the moving party presents newly discovered

13   evidence to the court, (2) the court committed clear error or makes a decision that

14   is manifestly unjust, or (3) there is an intervening change in controlling law.

15   *McDowell*, 197 F.3d at 1255, n.1.  "Clear error occurs when 'the reviewing court

16   on the entire record is left with the definite and firm conviction that a mistake has

17   been committed.'"  *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir.

18   2013) (internal citation omitted).  To be clearly erroneous, a district court's

19   determination must "strike [the court] as wrong with the force of a five-week old,

20

unrefrigerated dead fish." *Ocean Garden, Inc. v. Marktrade Co., Inc.*, 953 F.2d 500, 502 (9th Cir. 1991).

Here, Plaintiff argues the Court committed clear error that was manifestly unjust by failing to address the second opinion of Dr. Morgan in 2020. ECF No. 27 at 2-6. Although the Court made a typographical error in stating the ALJ gave little weight just to Dr. Morgan's opinion in 2019, the Court also considered the ALJ's analysis regarding Dr. Morgan's 2020 opinion, which the ALJ also assigned little weight. ECF No. 25 at 21-22. The ALJ provided largely the same reasons for discounting the 2019 and 2020 opinions. *See* Tr. 843. The Court implicitly addressed the 2020 opinion, finding the ALJ provided a specific and legitimate reason for assigning the opinion little weight where Dr. Morgan did not account for Plaintiff's ongoing marijuana use. ECF No. 25 at 22 (citing Tr. 843: Dr. Morgan did not consider ongoing marijuana use in 2020 opinion). The ALJ's other reasons for assigning the 2019 opinion little weight applied equally to the 2020 opinion: Dr. Morgan again failed to explain his findings and the findings again conflicted with treatment notes from 2017 and the opinion of Dr. Cohen, both of which the Court found were specific and legitimate reasons to assign Dr. Morgan's findings little weight. *See id.* Because the Court considered the 2020 opinion, the Court's

Order contains no clear error nor any manifest injustice.  *McDowell*, 197 F.3d at

1255, n.1.  The Court declines to exercise its discretion to amend the Judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Alter Judgment (ECF No. 27) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish

copies to counsel.  The file remains **CLOSED**.

DATED February 16, 2022.



THOMAS O. RICE
United States District Judge